WILLIAM TATEM, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 241, 2008
Supreme Court of Delaware
Submitted: May 28, 2008
Decided: September 2, 2008
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
Myron T. Steele, Chief Justice
This 2nd day of September 2008, it appears to the Court that:
(1) On May 13, 2008, the Court received William Tatem's notice of appeal from a Superior Court order, dated February 5, 2008, which denied Tatem's fifth petition for postconviction relief. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before March 6, 2008.
(2) The Clerk issued a notice, pursuant to Supreme Court Rule 29(b), directing Tatem to show cause why the appeal should not be dismissed as untimely filed.[1] Tatem filed a response to the notice to show cause on May 28, 2008. He asserts that his failure to timely file his appeal is attributable to the Superior Court personnel who misled him by placing an entry on the Superior Court docket on February 11 indicating that his motion had been referred to judge, even though the motion had been decided on February 5.
(3) We find no merit to this contention. The Superior Court docket indicates that the Tatem's motion for postconviction relief was denied on February 5, 2008. Tatem does not deny receiving that order. The next entry on the Superior Court docket is dated March 11, 2008, which reflects that Tatem filed yet another motion for postconviction relief. That motion was referred to a Superior Court judge. There is no entry dated February 11, as Tatem asserts.
(4) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[5] There is nothing in the record to support Tatem's contention that his failure to timely appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Accordingly, the appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Del. Supr. Ct. R. 6(a)(ii).
[2] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829(1989).
[3] Del. Supr. Ct. R. 10(a).
[4] Carr v. State, 554 A.2d at 779.
[5] Bey v. State, 402 A.2d 362, 363 (Del. 1979).